**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franklin A. Mora, ) | No. CIV 03-2359-PHX-MHM (MS) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Doug B. Schuster, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his criminal conviction for armed robbery, a class 2 dangerous felony, obtained in Maricopa County Superior Court, State of Arizona. (Doc. 1). The matter was referred to Magistrate Judge Morton Sitver who has issued a Report and Recommendation that recommends that the Petition should be denied (Doc.24). Petitioner has filed an "Answer to Recommendation" which the Court has construed as an objection to the Report and Recommendation. (Doc. 25).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed and for clear error for those facts to which no objections are filed. Id.

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case, including Petitioner's objection to the Magistrate Judge's Report and Recommendation. Based on the documents on file, Petitioner was convicted in the Superior Court of Maricopa County, Arizona. Petitioner states in his Petition that he was convicted of four counts of armed robbery and one count of escape in Case Nos. CR2002-092984A; CR2001-094541B; and, CR2001-095275B and sentenced to nine years and six months of imprisonment. Petitioner provides June 25, 2002 as the date of conviction.

Petitioner has raised three grounds for relief in his Petition. In Ground One, Petitioner contends that he was sentenced on four counts of armed robbery and one count of escape even though he was indicted on two counts of armed robbery and one count of escape. Petitioner contends that his sentence on two counts of armed robbery without an indictment violated his Fifth and Sixth Amendment rights. In Ground Two, Petitioner contends that lack of communication with counsel resulted in Petitioner being sentenced on two extra counts of armed robbery and constitutes ineffective assistance of counsel under the Sixth Amendment. In Ground Three, Petitioner contends that he was not provided with an interpreter at every stage of his criminal proceedings in violation of the Sixth Amendment.

The Magistrate Judge has recommended that the Petition should be denied because Petitioner did not present the substance of his claims to the Arizona Court of Appeals. The Magistrate Judge has indicated that it is unlikely that Petitioner can now return to state court to pursue appropriate post-conviction remedies. The Magistrate Judge has recommended that the Petition should be denied and dismissed for failure to exhaust state remedies.

Petitioner filed a petition for post-conviction relief on March 7, 2003 in the Superior Court. (Doc. 11, Exhibit A). The Superior Court dismissed the petition summarily on June 23, 2003. (Doc. 11, Exhibit B). On August 11, 2003, Petitioner filed a petition for review with the Arizona Court of Appeals. On August 20, 2003, the Court of Appeals dismissed the petition for review without reviewing the merits because the petition had not been filed within

30 days of the trial court's final decision under Rule 32.9(c), Ariz.R.Crim.P. The Court of Appeals stated in the Order that whether Petitioner was without fault for the untimely filing presented a question of fact and that the trial court may allow a late filing upon being presented with proper evidence. (Doc. 11, Exhibit C). Petitioner has submitted documents showing he filed a motion for reconsideration with the Arizona Court of Appeals. On September 15, 2003, the Court of Appeals issued an Order denying the motion for reconsideration, stating as follows: "As indicated to petitioner in this court's earlier order of dismissal, if petitioner believes he is without fault for the untimely filing, petitioner must file an appropriate motion in the trial court." (Doc. 24 at p. 3 [referring to Doc. 13]). Petitioner did not file a motion in the Superior Court. Rather, he filed a Petition for Writ of Habeas Corpus in this Court on November 28, 2003.

Petitioner states in his objection that he thought when the Arizona Court of Appeals indicated that he could "file a delay Petition for review" in the "trial court" he "assumed that the Trial Court was a higher level, Petitioner assumed that the Trial Court was The United States District Court ...." (Doc. 25). The Arizona Court of Appeals specifically referred to Ariz.R.Crim.P. 32.9(c), however, and told Petitioner he must file an appropriate motion in the "trial court." The Court of Appeals did not mention the United States District Court for the District of Arizona. In addition, the Arizona Court of Appeals stated in the August 20, 2003 Order that the trial court may allow a late filing upon being presented with proper evidence. Petitioner did not set forth any reason for the late filing in the Petition he filed in this Court. It therefore appears to this Court that Petitioner simply failed to follow the directive of the Arizona Court of Appeals. Petitioner has not shown "cause" for the default. Petitioner's objection is overruled.

Petitioner also has not shown actual prejudice from the alleged violation of federal law or that failure to review his claims will result in a "fundamental miscarriage of justice." Petitioner contends that he was "sentenced" on four counts of armed robbery but "indicted" on two counts of armed robbery. This statement is inconsistent with another of Petitioner's

- 3 -

statements in his Petition that he was "convicted" of four counts of armed robbery. (Doc. 1 at p. 1). In a handwritten statement in support of his petition for post-conviction relief filed in the Superior Court of Maricopa County, Petitioner states that he did not request a translator. (Doc. 11, Exhibit A). This statement is inconsistent with his statement in his Petition that on January 7, 2002 he requested an interpreter but later during the proceedings no interpreter was available. (Doc. 1, at p. 7). The Court notes that Petitioner's handwritten documents filed in this case are written in the English language. Petitioner stated in his handwritten statement submitted with his petition for post-conviction relief filed in the Superior Court of Maricopa County that the prosecutor stated that Petitioner had used a "semiautomatic gun". Petitioner then claims he did not use a gun but he "really used a plastic knife from the church's chicken so I think this makes it a simulated armed robbery ...." (Doc. 11, Exhibit A). Petitioner does not appear to be asserting a claim of actual innocence.

This Court has reviewed certain of the minute entries in Petitioner's three cases of conviction. These minute entries may be accessed on the web site for the Superior Court of Maricopa County, Arizona. It appears that Petitioner was charged with armed robbery in Case Nos. CR2001-095275 and CR2001-094541 and with escape in Case No. CR2002-092984 and that he entered guilty pleas in these three cases. At the plea hearings in the cases in which Petitioner was charged with armed robbery, the minute entries show that Petitioner waived the assistance of an interpreter and that the Superior Court advised Petitioner as to the range of possible sentences for the offenses charged and as to all constitutional rights waived by plea agreement or without a plea agreement. The Superior Court also made inquiry of Petitioner and determined that Petitioner's guilty pleas were made knowingly, intelligently and voluntarily, that a factual basis for the plea existed and that Petitioner understood the range of sentences and other penalties available. (see Case No. CR2001-094541 - Minute Entry filed 02/20/2002; see Case No. CR2001-095275 - Minute Entries filed 02/20/2002 and 05/27/2002).

- 4 -

In Case No. CR2001-094541, regarding his conviction on one count of armed robbery, Petitioner was sentenced to a prison term of eight years. (see Case No. CR2001-094541 - Minute Entry filed 07/01/2002). In Case No. CR2001-095275, regarding Petitioner's conviction on the one count of armed robbery charged in that case, imposition of sentence was suspended and Petitioner was placed on probation for a term of five years to commence upon Petitioner's absolute release from the Arizona Department of Corrections in Case Nos. CR2001-094541(B) and CR2002-092984(A). (see Case No. CR2001-095275 - Minute Entry filed 07/01/2002). In Case No. CR2002-092984, Petitioner entered a guilty plea to one count of escape in the second degree and was sentenced to a term of 1.5 years of imprisonment, said sentence to be served consecutively to the sentence imposed in Case No. CR2001-094541B. (see Case No. CR2002-092984 - Minute Entry filed 07/01/2002). These convictions and sentences are consistent with Petitioner's statement in his Petition that he is serving a sentence of "nine years and six months." (Doc. 1 at p. 1). Petitioner has not shown state law error that has resulted in a sentence that is arbitrary and capricious so as to rise to the level of a due process violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Regarding his claim of ineffective assistance of counsel, the Supreme Court has held that a defendant who pleads guilty on advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985). To prevail, a petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., at 58-59. Petitioner's claim that lack of communication with counsel resulted in his being sentenced on two extra counts of armed robbery appears to be refuted by the state court criminal proceedings. Moreover, Petitioner has not pointed to any evidence indicating that, had his attorney performed

1 differently, he would have pleaded not guilty and insisted on going to trial. See <u>Hill v.
2 Lockhart</u>, 474 U.S., at 60.

3 **Accordingly**,

4 **IT IS ORDERED** that Petitioner's objection (Doc. 25) to the Report and
5 Recommendation is overruled;

6 **IT IS FURTHER ORDERED** that the Court adopts the Magistrate Judge's Report and
7 Recommendation (Doc. 24) in its entirety and as supplemented by this Order;

8 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus filed under
9 28 U.S.C. § 2254 is denied.

10 DATED this 4th day of November, 2005.

_____
Mary H. Murgia
United States District Judge